IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEWIS<br>554 Cohasset Drive<br>Youngstown, Ohio 44511<br><br>-and-<br><br>DONNIE GETZ<br>1666 Wakefield Avenue<br>Youngstown, Ohio 44514<br><br>                Plaintiffs,<br><br>vs.<br><br>LIFEFLEET, LLC<br>c/o Jeffery M. Lowery<br>11365 Western Reserve Road<br>Salem, Ohio 44460<br><br>       -and-<br><br>JEFFREY M. LOWERY<br>c/o LifeFleet, LLC<br>11000 Market Street<br>North Lima, Ohio 44452<br><br>       -and-<br><br>DEBRA LOWERY<br>c/o LifeFleet, LLC<br>11000 Market Street<br>North Lima, Ohio 44452<br><br>                Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(JURY DEMAND ENDORSED HEREIN)** |

Plaintiffs Christopher Lewis and Donnie Getz, by and through the undersigned, as their Complaint against Defendants state and aver the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiffs as a result of Defendants' practices and policies of not paying their non-exempt employees, including Plaintiffs and other

similarly situated employees, for all hours worked, in contravention of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219

## PARTIES AND VENUE

2. Lewis is a current employee of Defendants.

3. Getz is a current employee of Defendants.

4. LifeFleet, LLC is a domestic corporation with its principal place of business in the unincorporated community of North Lima, township of Beaver, county of Mahoning, and state of Ohio.

5. LifeFleet is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. LifeFleet is, and at all times material herein was, an enterprise engaged in commerce or in the production of goods for commerce.

7. LifeFleet has and, at all times material herein, had employees engaged in commerce and had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce.

8. LifeFleet is, and at all times material herein, was an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

9. LifeFleet is, and at all times material herein, was an enterprise whose annual gross volume of sales made or business done is not less than $150,000.

10. LifeFleet is, and at all times material herein, was subject to the provisions of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03 requiring employers to compensate employees who

work in excess of forty hours in one workweek at a rate of one and one-half times the employees' normal wage rate for those hours worked beyond forty.

11. Defendant Jeffrey Lowery is a resident of the state of Ohio.

12. Jeffrey Lowery is and, at all times hereinafter mentioned, was an officer, director, shareholder, principal, member, and/or manager of LifeFleet.

13. Jeffrey Lowery is and, at all times hereinafter mentioned, was a supervisor for LifeFleet, who acted directly or indirectly in the interest of LifeFleet.

14. At all times relevant herein, Jeffrey Lowery supervised and/or controlled Plaintiffs' employment with LifeFleet and acted directly or indirectly in the interest of LifeFleet in relation to its employees and is an employer within the meaning of 29 U.S.C. § 203(d).

15. Defendant Debra Lowery is a resident of the state of Ohio.

16. Debra Lowery is and, at all times hereinafter mentioned, was an officer, director, shareholder, principal, member, and/or manager of LifeFleet.

17. Debra Lowery is and, at all times hereinafter mentioned, was a supervisor for LifeFleet, who acted directly or indirectly in the interest of LifeFleet.

18. At all times relevant herein, Debra Lowery supervised and/or controlled Plaintiffs' employment with LifeFleet and acted directly or indirectly in the interest of LifeFleet in relation to its employees and is an employer within the meaning of 29 U.S.C. § 203(d).

19. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Plaintiffs are alleging federal law claims arising under the FLSA, 29 U.S.C. § 201, *et seq*.

20. The events giving rise to the claims made in this Complaint occurred in Mahoning County.

21. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

22. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

23. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## FACTS

24. LifeFleet provides ambulance, critical care, and wheelchair transport services.

25. Jeffrey Lowery is LifeFleet's Chief Executive Officer.

26. Debra Lowery is LifeFleet's Chief Financial Officer.

27. The Lowery's are intimately involved in LifeFleet's day to day operations, including scheduling drivers and LifeFleet's pay practices

28. In or around December of 2016, Defendants hired Lewis as a wheelchair transport driver.

29. In or around January of 2017, Defendants hired Getz as a wheelchair transport driver.

30. As wheelchair transport drivers, Lewis, Getz, and substantially similar coworkers operate specialty vans, which only have seating for the driver and front passenger.

31. The modified vans that Lewis, Getz, and substantially similar coworkers operate are not used to transport more than 8 passengers.

32. During his employment with Defendants, Lewis has routinely worked in excess of forty hours per workweek.

33. During his employment with Defendants, Getz has routinely worked in excess of forty hours per workweek.

34. Between December of 2016 and present, Lewis worked in excess of forty hours per workweek.

35. Between January of 2016 and present, Getz worked in excess of forty hours per workweek

36. Defendants knew that Lewis routinely worked in excess of forty hours per workweek.

37. Defendants knew that Getz routinely worked in excess of forty hours per workweek.

38. During Plaintiffs' employment with Defendants, other similarly-situated employees routinely worked in excess of forty hours per workweek.

39. Defendants knew that these other similarly-situated employees routinely worked in excess of forty hours per workweek.

40. Defendants never paid Lewis, Getz, or similarly-situated employees one and one-half times their hourly wages for those hours they worked beyond forty per workweek.

41. Defendants engaged in a routine practice of deducting an hour lunch break from drivers' pay, during which breaks the drivers were still expected to work.

42. Defendants additionally engaged in a routine practice of deducting the travel time between drivers' stops, during which time the drivers were actually working.

43. The effect of the above practices was to make it appear that Plaintiffs and similarly-situated others were working less than forty hours per workweek.

44. Plaintiffs were non-exempt employees for the purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

45. Other employees of Defendants, similarly-situated to Plaintiffs and who were also not compensated for overtime hours, were non-exempt employees for the purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

46. Defendants' refusal to pay Plaintiffs and other similarly situated employees their lawfully earned overtime was in contravention of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03(A).

47. Defendants' refusal to pay Plaintiffs and other similarly situated employees their lawfully earned overtime was willful and was done in bad faith.

48. As a direct and proximate result of Defendants' refusal to pay them overtime wages, Plaintiffs suffered and will continue to suffer pecuniary harm.

49. As a direct and proximate result of Defendants' refusal to pay them overtime wages, other employees, similarly situated to Plaintiffs, suffered and will continue to suffer pecuniary harm.

### COUNT I: FAILURE TO PAY OVERTIME COMPENSATION

50. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. Plaintiffs worked over forty hours per workweek during their employment with Defendants.

52. Defendants did not pay Plaintiffs overtime wages for hours worked over forty per workweek.

53. Pursuant to Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207, an employer must pay a nonexempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty in one workweek.

54. Plaintiffs were non-exempt employees for purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

55. As a direct and proximate result of Defendants' failure to pay them their lawfully earned overtime wages, Plaintiffs suffered damages.

56. Defendants willfully and/or intentionally violated Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

57. Defendants acted in bad faith in violating Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

58. As a direct and proximate result of Defendants' failure to pay Plaintiffs their lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Defendants are liable to Plaintiffs for the full amount of the overtime wage rate, as well as for costs and reasonable attorney's fees as may be allowed by the Court.

59. As a direct and proximate result of Defendants' failure to pay Plaintiffs their lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs for the full amount of the overtime wage rate, an additional equal amount as liquidated damages, as well as for costs and reasonable attorney's fees.

## COUNT II: COLLECTIVE ACTION

60. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

61. Plaintiffs bring this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

62. The class that Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are currently a member, is composed of and defined as follows: *All former and current LifeFleet, LLC employees, who are or were non-exempt, who were employed as drivers, and who have not been paid overtime for all hours worked in excess of forty hours per workweek at any time between December 25, 2015 and the present.*

63. Plaintiffs are unable to state at this time the exact size of the potential class.

64. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorney's fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly-situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

65. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorney's fees and costs under the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant the following relief:

1. An award against each Defendant of damages to compensate Plaintiffs for overtime pay and liquidated damages in an amount in excess of $25,000 per claim;

2. An award against each Defendant of damages to compensate those others similarly-situated to Plaintiffs for overtime pay and liquidated damages in an amount in excess of $25,000 per claim;

3. An award of reasonable attorney's fees and costs as allowable and/or required under law;

4. Any award of other relief that this Court may deem necessary and proper.

        Respectfully submitted,

        *s/ Peter C. Mapley*
        Peter C. Mapley (0092359)
        **SOBEL, WADE & MAPLEY, LLC**
        2460 Fairmount Boulevard, # 314
        Cleveland, Ohio 44107
        Phone: (216) 223-7213
        Fax:    (216) 223-7213
        Email: mapley@swmlawfirm.com

        *Attorney for Plaintiffs*

## **JURY DEMAND**

Plaintiffs demand a trial by jury by the maximum number of jurors permitted.

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
